SMITH, Judge.
Appellants, DeSoto County citizens aggrieved by the Governor’s determination to convert part of the G. Pierce Wood Memorial Hospital in Arcadia into a correctional facility, assert that the legislature reserved that power to itself and that the circuit court erred in holding otherwise.
Section 14 of the Correctional Organization Act, ch. 75-49, Fla.Laws, which was passed in the waning days of the 1975 Legislature and became effective July 1, 1975, amended § 945.025, F.S.1973, to read in part:
“(3) There shall be other correctional facilities . . . provided that no adult correctional facility shall be established by changing the use and purpose of any mental health facility or mental health institution under the jurisdiction of any state agency or department without authorization in the general appropriation act or other approval by the legislature. Any facility, the purpose and use of which was changed subsequent to January 1, 1975, shall be returned to its original use and purpose by July 1, 1977; provided, however, that the conversion of *315 the G. Pierce Wood Memorial Hospital located at Arcadia, DeSoto County, into a correctional facility may be completed and continued only after a demonstration that it would be less costly and that substantial economic benefit would accrue to the state when compared with other viable alternatives to the conversion of said facility. . . .”
At the instance of the Secretaries of the Department of Health and Rehabilitative Services and of the Division of Corrections, Governor Askew determined on July 14, 1975, that the partial conversion of the hospital was the least costly means at hand to accommodate critical increases in Florida’s prison population and that substantial economic benefits would accrue to the State by that action.
The circuit court, finding that Governor Askew’s determination was based on an appropriate demonstration of the pertinent facts, construed the Act as contemplating an executive rather than a legislative determination of the facts, and so declined to enjoin construction of the correctional facility. We affirm. Absent a clearer statutory mandate, we will not suppose that the expiring 1975 Legislature intended to stay all remedies for an urgent public need until it reassembled in 1976. Had that been the legislative purpose, the quoted proviso, which excepts the G. Pierce Wood facility from the general effect of the Act, need not have been enacted.
AFFIRMED.
BOYER, C. J., concurs.
COX, JOHN S., Associate Judge, dissents.